**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**DELTA DIVISION**

**JAMES E. WENNERSTEIN**                                                          **PLAINTIFF**
**ADC #163817**

**v.**                                        **Case No. 2:25-cv-00038-KGB**

**UNITED STATES CITIZENSHIP AND**
**IMMIGRATION SERVICES**, *et al.*                                    **DEFENDANTS**

<u>**ORDER**</u>

Before the Court is the recommended disposition ("Recommendation") submitted by United States Magistrate Judge Benecia B. Moore (Dkt. No. 10). *Pro se* plaintiff James E. Wennerstein filed objections to the Recommendation (Dkt. Nos. 13–14). Also before the Court is Mr. Wennerstein's motion for copies (Dkt. No. 15).

The Court has reviewed the Recommendation and objections. Upon a *de novo* review of the record, the Court determines that Mr. Wennerstein's arguments break no new legal ground. The Court notes in this regard that the issuance of a Certificate of Loss of Nationality ("CLN") pursuant to 8 U.S.C. § 1481(a) is a discretionary matter that does not properly fall within the scope of the Court's mandamus jurisdiction. *See Belegrinos v. United States*, Case No. 1:18-cv-01934-JPO, 2019 WL 1988489, at *11 (S.D.N.Y. May 6, 2019); *Tutora v. U.S. Att'y Gen. for E. Dist. of Pa.*, Case No. 2:16-mc-00195-EGS, 2017 WL 2126321, at *15 (E.D. Pa. May 16, 2017); *Keene v. United States Dep't of Homeland Sec.*, Case No. 3:16-cv-00094-LC-CJK, 2016 WL 2343250, at *4–8 (N.D. Fla. Apr. 22, 2016), *R. & R. adopted*, Case No. 3:16-cv-00094-LC-CJK, 2016 WL 2343857 (N.D. Fla. May 3, 2016); *Weber v. U.S. Dep't of State*, 885 F. Supp. 2d 46, 52–53 (D.D.C. 2012); *Clinton v. Clinton*, Case No. 1:10-cv-01009-HHK, 2010 WL 4828990 (D.D.C. Nov. 29, 2010); *Taylor v. U.S. Dep't of State*, Case No. 1:10-cv-01892-LJO, 2010 WL 4225535, at *8-9

(E.D. Cal. Oct. 20, 2010). *See also Koos v. Holm*, 204 F. Supp. 2d 1099, 1108 (W.D. Tenn. 2002) (recognizing that a prisoner's ability to exercise the right to expatriate is necessarily limited during term of incarceration).

The Court does not understand Mr. Wennerstein to intend to state a claim under the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq.*, for alleged refusal of United States Citizenship and Immigration Services ("USCIS") to respond his request for a CLN. *See Farrell v. Blinken*, 4 F.4th 124, 139 (D.C. Cir. 2021); *Wennerstein v. Mayorkas*, Case No. 1:20-cv-00152-RC, 2021 WL 5987024, at *4 (D.D.C. Dec. 16, 2021), *aff'd sub nom. Wennerstein v. Sec'y of Homeland Sec., United States Dep't of Homeland Sec.*, Case No. 22-5023, 2022 WL 4086731 (D.C. Cir. Sept. 2, 2022). Even if Mr. Wennerstein intends to state such a claim, the record indicates that Mr. Wennerstein's request, even if properly made, was pending with USCIS for less than four months at the time he filed the instant lawsuit, so any such claim would appear on its face to be premature (*see* Dkt. No. 1, at 18–19). *See Keene*, 2016 WL 2343250, at *5 (noting there was "no indication in this case that DHS has refused to review plaintiff's request" where CLN request had been pending with USCIS for six months). Moreover, USCIS has already responded in the negative to Mr. Wennerstein's previous requests for a CLN. *See Wennerstein*, 2021 WL 5987024, at *4.

Accordingly, after careful consideration, the Court approves and adopts the Recommendation in its entirety as this Court's findings in all respects (Dkt. No. 10). The Court overrules all of Mr. Wennerstein's objections (Dkt. Nos. 13–14). Mr. Wennerstein's petition for a writ of *mandamus* and declaratory judgment is denied and dismissed without prejudice (Dkt. No. 1). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order or the accompanying Judgment would not be taken in good faith. The Court

recommends that, in the future, this dismissal be considered a "strike" for purposes of 28 U.S.C. § 1915(g).

The Court grants Mr. Wennerstein's motion for copies (Dkt. No. 15). The Court directs the Clerk of Court to send to Mr. Wennerstein a copy of the docket sheet in this matter. In regard to Mr. Wennerstein's inquiry regarding service on defendants, the Court refers Mr. Wennerstein to the May 5, 2025, text entry at Docket Number 9 for an explanation regarding service.

It is so ordered this 15th day of September, 2025.

_____
Kristine G. Baker
Chief United States District Judge